**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ESTEBAN BENITEZ,**<br>2608 Newton St.<br>Silver Spring MD 20902<br>Montgomery County<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>**AMERICAN COLLECTION**<br>**ENTERPRISE, INC.;**<br>　205 S. Whiting St.<br>　Ste. 500<br>Alexandria, VA 22304<br><br>and<br><br>　**DOES 1 through 10, inclusive,**<br><br>　　　　　Defendants. | **Civil Action No.:**<br><br><br><br>**COMPLAINT AND DEMAND FOR**<br>**JURY** |

**COMPLAINT**

*I.     INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Esteban

Benitez, an individual consumer, against Defendant, American Collection Enterprise,

1

Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.    PARTIES

3. Plaintiff, Esteban Benitez, is a natural person with a permanent residence in Silver Spring, Montgomery County, Maryland 20902.

4. Upon information and belief, the Defendant, American Collection Enterprise, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 205 S. Whiting St., Ste. 500, Alexandria, Alexandria City County, Virginia 22304. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be by to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that if Plaintiff did not pay immediately that Defendant would tell Plaintiff's wife's doctor and Plaintiff's wife's doctor would refuse to see Plaintiff's wife again.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to take legal action against Plaintiff.

9. Defendant has no standing to commence legal proceedings on behalf of the creditor.

10. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

11. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

12. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

13. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

14. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

15. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading.

## V.    CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language that lead to the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Esteban Benitez, for declaratory judgment that Defendant's conduct violated the FDCPA, for actual damages, statutory damages, costs, and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, American Collection Enterprise, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

///

///

///

///

///

///

///

## <u>DEMAND FOR JURY TRIAL</u>

Please take notice that Plaintiff, Esteban Benitez, demands trial by jury in this action.

Dated: July 29, 2013

RESPECTFULLY SUBMITTED,

By: <u>/s/ L. Jeanette Rice</u>
L. Jeanette Rice, Esq., 12933
Walsh, Becker, Moody & Rice
14300 Gallant Fox Lane # 218
Bowie, MD 20715
Telephone: 301-262-6000
Facsimile: 301-262-4403
Email: riceesq@walshbecker.com
*Attorney for Plaintiff,*
*Esteban Benitez*